# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA HERNANDEZ, Individually and as Next Friend of A.H. a Minor Child, | § § § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:16-CV-2432-L** |
| | § | |
| CITY OF GRAND PRAIRIE TEXAS; C. CANELOS, Individually and in His Official Capacity; and DOE 1, Individually and in His Official Capacity, | § § § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINON AND ORDER

Before the court is the City of Grand Prairie's Second Motion to Dismiss (Doc. 19), filed November 2, 2017. After careful consideration of the motion and brief, response, reply, pleadings, and applicable law, the court **grants** the City of Grand Prairie's Second Motion to Dismiss.

**I.    Background**

Jessica Hernandez ("Hernandez"), individually, and as next friend of AH, a minor child (collectively, "Plaintiffs"), filed this action on August 22, 2016, against the City of Grand Prairie (the "City"), C. Canelos ("Canelos") (collectively, "Defendants"), and Doe 1 ("Doe"). Plaintiffs sued Defendants and Doe pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment to the United States Constitution for an unreasonable search and seizure, and for the use of excessive force.[1] Plaintiffs also asserted state law claims of assault; negligence; intentional

---

[1] Title 42 U.S.C. § 1983 is a federal statute that allows a person to bring a civil action against another person who, acting under color of state law, deprives him or her of a right or privilege secured by the United States Constitution or laws of the United States.

infliction of emotional distress ("IIED"); negligent hiring, training, and retention; gross negligence; and respondent superior. On September 15, 2017, the court dismissed with prejudice all state law claims against the City and Canelos (Doc. 15). The court also held that Plaintiffs' pleadings failed to state a claim upon which relief could be granted against the City regarding the section 1983 claim and ordered Plaintiffs to file an amended pleading. On October 5, 2017, Plaintiffs filed Plaintiffs' First Amended Complaint ("Amended Complaint"). On November 2, 2017, the City of Grand Prairie's Second Motion to Dismiss was filed. The City contends that the Amended Complaint fails to state a claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). The court agrees.

## II.  Rule 12(b)(6) Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in

**Memorandum Opinion and Order – Page 2**

fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a

**Memorandum Opinion and Order – Page 3**

complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Analysis

#### A. Standard for Municipal Liability for a Rule 12(b)(6) Motion Under 42 U.S.C. § 1983

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious

liability. *Id.*; *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of [city] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [city] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts from which the court can reasonably infer that the "challenged policy was promulgated or ratified by the city's policymaker." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016). "[C]ourts should not grant motions to dismiss for [the] fail[ure] to plead the specific identity of the policymaker." *Id.* (citing *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014)).

The ultimate question in deciding the sufficiency of a complaint is whether a person has alleged facts to show that a policymaker promulgated or ratified an unconstitutional policy that resulted in injury to him or her. Although a plaintiff need not offer proof of his or her allegations at the pleading stage, a plaintiff "must plead facts that plausibly support each element of § 1983 municipal liability." *Peña v. City of Rio Grande, Tex.*, 879 F.3d 613, 621 (5th Cir. 2018) (citation omitted). In other words, a plaintiff must set forth facts from which the court can reasonably infer that: "(1) an official policy; (2) promulgated by the municipal policymaker; (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) (footnote and citations omitted). "Official municipal policy includes the decisions

of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

To defeat "a motion to dismiss, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Balle v. Nueces Cty. Tex.*, 690 F. App'x 847, 852 (5th Cir. 2017) (quoting *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). In other words, the pleadings are adequate with respect to a section 1983 claim against a city when they set forth "specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force" for the constitutional violation asserted. *Id.* (citation omitted). Although *Spiller* is over twenty years old, its holding that allegations of an allegedly unconstitutional policy or custom of a local government may not be stated conclusorily but must set forth specific facts is still solid law, and it was recently cited with approval by the Fifth Circuit in *Peña*. 879 F.3d at 622. If a complaint does not meet the standard set forth in *Spiller*, an action cannot "proceed beyond the pleading stage." *Id*.

### B. Discussion

#### 1. Plaintiff's Amended Complaint

Plaintiffs contends that they were injured as a result of an unconstitutional custom, policy or practice of the City. To ensure that the court captures the totality of Plaintiffs' allegations against the City, it cites the relevant portions of the Amended Complaint:

### (2) PLAINTIFFS' SECOND CLAIM: 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

29. Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

30. Defendant City of Grand Prairie, Texas is also liable under 42 U.S.C. § 1983 for failing to properly supervise and train its police officers and for sanctioning officer misconduct. In addition, Defendant City of Grand Prairie, Texas has a general policy, pattern and/or practice of not disciplining police officers for their conduct, thereby sanctioning the police officers' actions, which amounts to a departmental policy of sanctioning constitutional violations. Defendant City of Grand Prairie, Texas' failure to supervise and train its police officers, and its willful sanctioning of constitutional violations by its employees, constitute[ ] a deliberate and conscious indifference to peoples' constitutional rights including the right to be free from unreasonable search and seizure.

31. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if Defendant City of Grand Prairie, Texas' practice of sanctioning constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. of County Commr's of Bryan County v. Brown,* 520 U.S. 397,404 (1997).

32. In this matter, Defendant City of Grand Prairie, Texas' formal and informal actions in sanctioning, overlooking, hiding and/or tacitly encouraging police misconduct by its officers, the IAD Department, the Grand Prairie police chief, as well as its Mayor and City Council reflect a policy, practice[,] custom[,] and procedure authorizing and allowing the use of excessive force that violated Plaintiffs' civil rights. Consequently, Defendant City of Grand Prairie, Texas is liable for the harm caused to Plaintiffs as a result of its policies, practices[,] customs[,] and procedures.

33. Defendant City of Grand Prairie, Texas is liable for the constitutional torts of Defendants C. Canelos and Doe 1 because it sanctioned the following customs, practices, and policies:

    (A) Using excessive force to carry out an otherwise routine detainment;

    (B) Using excessive force when such force is not necessary or permitted by law;

    (C) Ignoring the serious need for training and supervision of its officers in regards to the use of force;

(D) Failing to discipline those persons who are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control;

(E) Failing to adequately supervise and/or observe its officers;

(F) Failing to adequately train officers regarding the availability of alternative means of detaining persons other than the use of force.

(G) Failing to discharge officers who have shown a pattern or practice of using excessive force; and

(H) Adopting a practice whereby officers who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

34. At the time Plaintiff Jessica Hernandez was slammed into the wall of her parents' home, Defendants C. Canelos and Doe 1 were acting pursuant to an official city policy, practice, custom[,] [or] procedure that sanctions, overlooks and/or authorizes police officers' excessive use of force. *See Monell v. New York City Dept. of Social Servs.,* 436 U.S. *658, 659* (1978).

35. Thus, Defendant City of Grand Prairie, Texas' policy of sanctioning, overlooking and/or authorizing police brutality was a direct cause of Plaintiffs' injuries; in particular, its policy caused Plaintiff Jessica Hernandez to be deprived of her constitutional rights to be free from unlawful seizure and objectively unreasonable force under the Fourth and Fourteenth Amendments to the United States Constitution, constituting a deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

Pls.' First Am Compl. ¶¶ 29-35. The allegations of the Amended Complaint fare no better than those in the Original Complaint.

### 2. Sufficiency of the Allegations

In its Memorandum Opinion and Order of September 15, 2017 (Doc. 15), the court stated the following regarding Plaintiff's initial pleading:

> A cursory review of the allegations in Plaintiffs' Complaint readily reveals that the allegations are conclusory. In other words, Plaintiffs make conclusory statements but do not provide even a modicum of facts to support the conclusory statements regarding an unconstitutional policy or custom. As such, the court

> cannot reasonably infer that Plaintiffs are entitled to relief beyond the speculative level. By way of example, if Plaintiffs were to assert merely that a person was intoxicated with no supporting allegations, the court would have no basis to reasonably infer that person *was* intoxicated. On the other hand, if Plaintiffs were to assert that the person had bloodshot and glassy or glazed eyes, smelled of an alcoholic beverage, slurred his speech as he talked, staggered or had an unsteady walk, was argumentative or combative, and kept repeating what he said, the court, using some or all of these facts, could reasonably infer, rather than speculate, that this person was intoxicated. Given the paucity of Plaintiffs' allegations regarding the failure of the City to train, discipline, or supervise its police officers regarding the use of force, this court cannot reasonably infer that the City promulgated or ratified a policy or custom to not train, discipline, or supervise its police officers, and that any such alleged policy or custom was the moving force that caused Plaintiffs to suffer a constitutional injury. In other words, under *Twombly* and *Iqbal*, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson*, 135 S. Ct. at 347. Plaintiffs have not so pleaded. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted against the City beyond the speculative level.

Mem. Op. & Order 8-9 (Doc. 15) (footnote omitted). The court included this language and set forth the applicable standard to show Plaintiffs what was necessary to avoid a Rule 12(b)(6) dismissal.

Notwithstanding the court's admonition that Plaintiffs were to amend in accordance with the standard and instructions it set forth in its opinion, the Amended Complaint does not differ substantively from Plaintiffs' initial pleading. The court has compared the Original Complaint with the Amended Complaint, and Plaintiffs have made only extremely minor nonsubstantive changes in the Amended Complaint. The paragraph numbers regarding allegations in both pleadings are the same. In paragraph 32 of the Amended Complaint, Plaintiffs changed the language in the Original Complaint from "violated the Civil Rights of Plaintiff Jessica Hernandez," to "violated Plaintiffs' civil rights." Also in this paragraph, Plaintiffs changed the language in the Original Complaint from "harm caused to Plaintiff Jessica Hernandez" to "harm caused to Plaintiffs" in the Amended Complaint. Finally, in paragraph 35 of the Amended Complaint

Plaintiffs changed the language of the Original Complaint in two places from "Plaintiff Jessica Hernandez" to "Plaintiffs." No factual allegations were added in the Amended Complaint that would allow the court to draw the reasonable inference that the City is liable for the misconduct alleged by Plaintiffs. Since the court held earlier that the allegations of the Original Complaint against the City were conclusory, deficient, and speculative, Plaintiffs' Amended Complaint, as a matter of law, fails to state a claim upon which relief can be granted against the City. Accordingly, dismissal of the Amended Complaint with respect to the City is warranted.

### 3. Plaintiffs' Request for Discovery

In their response to the City's motion to dismiss, Plaintiffs request and move the court for additional time to amend their Amended Complaint based upon the outcome of their discovery efforts or, alternatively, to dismiss the Amended Complaint without prejudice if the court believes dismissal is appropriate. For the reasons, that follow the court will deny Plaintiffs' request.

First, Plaintiffs made little, if any effort, to comply with the court's order and correct the deficiencies of the Original Complaint. As the court pointed out, nothing of substance was added in the Amended Complaint. Plaintiffs only slightly changed the wording in two paragraphs of the Original Complaint, and none of the changes addresses the bases for municipal liability against the City.

Second, steps taken prior to filing this action could have produced information concerning complaints and disciplinary action taken against police officers of the City. Media outlets gather information regarding the use of force by officers of a municipality with relative ease. The Texas Public Information Act allows one to request and obtain information regarding disciplinary action taken against police officers of municipalities, as well as other information pertaining to the operation of a municipality's police force.

Third, and perhaps most important, before proceeding to discovery, a plaintiff must plead enough facts to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (A complaint must provide "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). As the Court stated in *Iqbal*, Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. As Plaintiffs have made only conclusory allegations in the Amended Complaint, they have not stated a plausible claim against the City, and the court will not "unlock the doors of discovery" to allow Plaintiffs to attempt to state a claim against the City for section 1983 liability. A complaint may not proceed past the pleading stage if the allegations are conclusory; the factual allegations must be specific. *Peña*, 879 F.3d at 622. To allow discovery at this stage would be inconsistent with Supreme Court and Fifth Circuit precedent.

## IV. Defendant John Doe

The City again urges that Defendant John Doe be dismissed, contending that the court has no jurisdiction over a "fictional" defendant. This argument has some support, and the City cites *Taylor v. Federal Home Loan Bank*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986), to support its argument. Plaintiffs do not address the City's argument. Rather than dismiss John Doe for the reasons asserted by the City, the court prefers another approach.

Federal Rule of Civil Procedure 4(m) ("Rule 4m") requires that service be made on a defendant within ninety days after the filing of the complaint. Plaintiffs filed this action on August 22, 2016, *almost 20 months ago*, and no service has been made by Plaintiffs on Defendant John Doe. Plaintiffs are to identify and effect service on the John Doe officer by **May 2, 2018**. The court will dismiss the John Doe officer pursuant to Rule 4(m) or for lack of personal jurisdiction if service is not accomplished by this date. Given the passage of time, Plaintiffs have had more

**Memorandum Opinion and Order – Page 11**

than ample means and time to identify and serve John Doe. **Accordingly, the court will not extend this deadline**.

V.   **Conclusion**

For the reasons herein stated, the court **grants** the City of Grand Prairie's Second Motion to Dismiss (Doc. 19). Accordingly, the court **dismisses with prejudice** Plaintiffs' First Amended Complaint against the City. Further, Plaintiffs shall identify and serve the John Doe officer by **May 2, 2018**, or this action will be dismissed by the court for lack of personal jurisdiction over this unidentified and unserved defendant.[2]

**It is so ordered** this 18th day of April, 2018.

Sam A. Lindsay
United States District Judge

---

[2] Nothing contained herein precludes the City or Canelos from re-urging its argument at a later time regarding a fictitious defendant, provided the argument is still viable.

**Memorandum Opinion and Order – Page 12**